**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMES CONSTRUCTION, INC., | No. 10-35476 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 9:08-cv-00164-DWM |
| v. | MEMORANDUM[*] |
| MAXUM INDEMNITY COMPANY, | |
| Defendant-counter-claimant - Appellant, | |
| v. | |
| INTERMOUNTAIN INDUSTRIAL, INC., | |
| Defendant-third-party-plaintiff - Appellee, | |
| v. | |
| WESTERN STATES INSURANCE AGENCY, INC., | |
| Third-party-defendant - Appellee. | |

———————

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted August 1, 2011[**]
Seattle, Washington

Before: NOONAN and M. SMITH, Circuit Judges, and FOGEL, District Judge.[***]

In this insurance coverage dispute, Maxum Indemnity Company ("Maxum") appeals the district court's grant of summary judgment in favor of the three other parties. The court below found that Maxum owed Ames Construction, Inc. ("Ames") a defense as an additional insured under a policy purchased by Intermountain Industrial, Inc. ("Intermountain").

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the district court's grant of summary judgment de novo." *Pan Pac. Retail Props. Inc. v. Gulf Ins. Co.*, 471 F.3d 961, 965 (9th Cir. 2006). Montana law applies to this diversity case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). We affirm.

Endorsement #4 says coverage is provided "only if certificate of insurance has been provided to Company prior to date of loss." This sentence does not make

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jeremy D. Fogel, District Judge for the U.S. District Court for Northern California, sitting by designation.

clear which company must have the certificate in hand for Ames to be covered. That ambiguity must be construed in favor of coverage. *See Marie Deonier & Assocs. v. Paul Revere Life Ins. Co.*, 9 P.3d 622, 630 (Mont. 2000).

The "intended use" exclusion did not necessarily apply to the underlying accident. Intermountain supplied both the grating and the clips that were intended to secure it. The uninstalled clips had not yet been put to their intended use, and it is not absolutely clear that the grating had been. Lacking an "unequivocal demonstration" that the claim against Ames did not fall within the policy's coverage, Maxum had a duty to defend Ames in the underlying law suit. *See Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 385 (Mont. 2004).

**AFFIRMED**.